Arthur A. Darrigrand, J.
Appeal from an order of the City Court of Utica, granting summary judgment to the defendant and dismissing the complaint therein.
Plaintiff alleged that on or about July 23, 1970, an income execution was served upon the defendant requiring the defendant to deduct 10% of the wages of an employee and that said defendant failed to make the proper deductions. In its motion for summary judgment, defendant alleged that it deducted 10% of that portion of the employee’s weekly gross pay in excess of $85 and paid that sum to the City Marshal of Utica pursuant to the income execution. Defendant further alleges that there were only five weeks in which the employee earned more than $85 and that if they had deducted a full 10% of her gross wages, there would be owing an additional sum of $42.50.
It is conceded by the parties that the sole dispute between them is the interpretation to be accorded CPLR 5231 (subd. [b]). Plaintiff contends that the amount of the deduction should be 10% of the gross wages for each week the employee earned in excess of $85, whereas the defendant contends that earnings up to $85 are totally exempt and that the deduction is computed only on gross wages in excess of $85.
In County Trust Co. v. Berg (65 Misc 2d 533), CPLR 5231 (subd. [b]), as amended and effective September 1, 1970, was considered relative to whether the 10% levy applied to gross *364 salary or to net take-home pay. There the court held (p. 536) that there was no evidence of an intention on the part of the Legislature “ in adopting CPLR 5231 (subd. [b]), to depart from the predecessor statute, section 684 of the Civil Practice Act * * * and the substitution in 1970 of the sum of $85 in place and stead of $30, without more, may not be construed as a legislative intent to alter the long-established policy with respect to income executions.”
It has long been the accepted practice that an income execution, unless modified, could attach up to 10% of the judgment debtor’s earnings provided his weekly earnings were in excess of a stated amount. This was the practice under former section 684 of the Civil Practice Act and section 5231 CPLR prior to September 1, 1970. Had the Legislature intended to limit the 10% levy to only that portion of income in excess of $85 weekly, such purpose could have been set forth succinctly in the statute. The only change made in 1970 was to substitute the words “eighty-five dollars ” for “thirty dollars.” There is no indication of any legislative intent to otherwise alter the existing procedures.
The order granting summary judgment to the defendant herein is reversed.